**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000698**
**09-MAR-2012**
**08:25 AM**

NO. CAAP-11-0000698

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

TROY CAPITAL, LLC., a Nevada limited liability company, Plaintiff-Appellee, v. JAMES J. FRANCO, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
PUNA DIVISION
(3RC11-1-132)

ORDER DISMISSING APPEAL
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we do not have jurisdiction over Defendant-Appellant James J. Franco's (Appellant Franco) appeal from the Honorable Harry P. Freitas's October 18, 2011 "Order Denying Defendant's Motion for Reconsideration or New Trial" (the October 18, 2011 interlocutory order), because, in the absence of a written final judgment or written final order that adjudicates all claims, the October 18, 2011 interlocutory order is not appealable under Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2011).

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals from a district court's final judgments, orders, or decrees.

Pursuant to HRS § 641-1(a) (1993), appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. <u>In district court cases</u>, a judgment includes any order from which an appeal lies. . . . <u>A final order means an order ending the proceeding, leaving nothing further to be accomplished</u>. . .

> . When a written judgment, order, or decree ends the
> litigation by fully deciding all rights and liabilities of
> all parties, leaving nothing further to be adjudicated, the
> judgment, order, or decree is final and appealable.

Casumpang v. ILWU, Local 142, 91 Hawai'i 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote omitted) (emphases added). The separate judgment document rule under Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 869 P.2d 1334 (1994) is

> not applicable to district court cases. Consequently, an
> order that fully disposes of an action in the district court
> may be final and appealable without the entry of judgment on
> a separate document, as long as the appealed order ends the
> litigation by fully deciding the rights and liabilities of
> all parties and leaves nothing further to be adjudicated.

Casumpang v. ILWU, Local 142, 91 Hawai'i at 427, 984 P.2d at 1253 (emphases added). Nevertheless, when a party seeks appellate review, either a written final judgment or a written final order is necessary for the purpose of finality. Rule 4(a)(5) of the Hawai'i Rules of Appellate Procedure provides that "[a] judgment or order is entered when it is filed in the office of the clerk of the court." Consequently, a district court's "oral decision is not an appealable order." KNG Corp. v. Kim, 107 Hawai'i 73, 77, 110 P.3d 397, 401 (2005). Although the district court minutes reflect the district court's oral announcement that it will enter a judgment in the future, "a minute order is not an appealable order." Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 321 n.3, 966 P.2d 631, 633 n.3 (1998) (emphasis added). "In civil cases before the district court, the filing of the judgment in the office of the clerk constitutes the entry of the judgment; and the judgment is not effective before such entry." KNG Corp. v. Kim, 107 Hawai'i at 77, 110 P.3d at 401 (citation, internal quotation marks, and brackets omitted); cf State v. Bohannon, 102 Hawai'i 228, 236, 74 P.3d 980, 988 (2003) ("Accordingly, we hold that, in order to appeal a criminal matter in the district court, the appealing party must appeal from a written judgment or order that has been filed with the clerk of

2

the court pursuant to HRAP Rule 4(b)(3)."). In the instant case, the district court has not entered a written judgment or written order that ends the litigation by fully deciding the rights and liabilities of all parties and leaves nothing further to be adjudicated.

At first glance, it might appear that Appellant Franco is appealing from a post-judgment order, because the October 18, 2011 interlocutory order denied Appellant Franco's August 8, 2011 motion for reconsideration of the district court's oral decision (reflected in the district court minutes) to enter a judgment against Appellant Franco. Furthermore, "[a] post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003) (citation omitted). Nevertheless, the instant case does not involve a post-judgment proceeding, because the district court has not yet actually entered a written "judgment," which Rule 54(a) of the District Court Rules of Civil Procedure (DCRCP) specifically defines as "any order from which an appeal lies." DCRCP Rule 54(a) (emphasis added). Although Appellant Franco purported to invoke DCRCP Rule 59 in support of his August 8, 2011 motion for reconsideration, the district court had not yet entered any judgment, and, thus, DCRCP Rule 59 was inapplicable. DCRCP Rule 54(b) is the applicable rule authorizing that any "order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." DCRCP Rule 54(b).

Under analogous circumstances, when the Supreme Court of Hawai'i has analyzed whether a party can invoke HRCP Rule 60(b) for post-judgment relief prior to the entry of a judgment, the Supreme Court of Hawai'i has explained that "a motion for reconsideration, pursuant to HRCP Rule 60(b), is authorized only in situations involving final judgments." Cho v. State, 115 Hawai'i at 382, 168 P.3d at 26 (citations and internal

quotation marks omitted); <u>Crown Properties, Inc. v. Financial Security Life Insurance Co., Ltd.</u>, 6 Haw. App. at 112, 712 P.2d at 509 ("A Rule 60(b), HRCP, motion is authorized only in situations involving final judgments."); <u>Tradewinds Hotel, Inc. v. Cochrane</u>, 8 Haw. App. at 262, 799 P.2d at 65 ("Rule 60(b) applies to motions seeking to amend final orders in the nature of judgments."). Therefore, without a judgment, "relief pursuant to HRCP Rule 60(b) was not available[.]" <u>Cho v. State</u>, 115 Hawai'i at 383, 382, 168 P.3d at 27.

Similarly in the instant case, the district court has not yet entered a written "judgment," as DCRCP Rule 54(b) defines that term. In the absence of a written judgment, the October 18, 2011 interlocutory order is not a post-judgment order, but, instead, it is actually a pre-judgment order that will be eligible for appellate review only by way of an appeal from a written final judgment that adjudicates all of the claims. <u>Cf. Ueoka v Szymanski</u>, 107 Hawai'i 386, 396, 114 P.3d 892, 902 (2005) ("An appeal from a final judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case." (Citation and internal quotation marks omitted)). Absent a written judgment, the intermediate court of appeals lacks appellate jurisdiction to review the October 18, 2011 interlocutory order.

Under Hawai'i case law, when an appellate court determines that it lacks jurisdiction, the only appropriate remedy is dismissal.

> [J]urisdiction is the base requirement for any court considering and resolving an appeal or original action. <u>Appellate courts, upon determining that they lack jurisdiction shall not require anything other than a dismissal of the appeal or action</u>. Without jurisdiction, a court is not in a position to consider the case further. Thus, appellate courts have an obligation to insure that they have jurisdiction to hear and determine each case. The lack of subject matter jurisdiction can never be waived by any party at any time. Accordingly, when we perceive a jurisdictional defect in an appeal, we must, <u>sua sponte</u>, dismiss that appeal.

<u>Housing Fin. and Dev. Corp. v. Castle</u>, 79 Hawai'i 64, 76, 898

P.2d 576, 588 (1995) (citation, internal quotation marks, and ellipsis points omitted; emphasis added); Peterson v. Hawaii Electric Light Company, Inc., 85 Hawai'i 322, 326, 944 P.2d 1265, 1269 (1997), superseded on other grounds by HRS § 269-15.5 (Supp. 1999); Pele Defense Fund v. Puna Geothermal Venture, 77 Hawai'i 64, 69 n.10, 881 P.2d 1210, 1215 n.10 (1994).[1] Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-11-0000698 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, March 9, 2012.

Presiding Judge

Associate Judge

Associate Judge

-------

[1] We note, however, that upon dismissal of this appeal, Appellant Franco may request of the district court that the court enter an appealable order or judgment.